IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael L. Jones, ) | C/A: 2:13-2034-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Lieber Correctional Institution; Perry CI ) | |
| Warden Larry Cartledge; Assoc. Warden ) | |
| Florence Mauney; Richard L. Turner, SCDC ) | |
| Disciplinary Hearing Officer; D. Filmore, ) | |
| Inmate Classification Committee Chairperson; ) | |
| SCDC Inmate Grievance Branch ) | |
| Headquarters; Perry Correctional Institution; ) | |
| and S.C. Department of Corrections; ) | |
| individually and in their official capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Michael L. Jones, is an inmate with the South Carolina Department of Corrections ("SCDC"). He brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional due process rights in regard to his administrative segregation at SCDC.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the defendants' motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were notified of their right to file specific objections to the Report and Recommendation. The plaintiff filed timely objections to the Report, and the defendants replied thereto. The court will address the objections in turn.

The gist of plaintiff's complaint is that he has been improperly classified by the SCDC as a Security Detention ("SD") and improperly placed in administrative segregation. He is currently serving a 35-year sentence for armed robbery. During his confinement at the SCDC, the plaintiff has been charged with over 60 different offenses, 17 of which are considered assaultive in nature. Plaintiff was initially housed at the Lieber Correctional Institution, where he was eventually placed in the Special Management Unit. On June 11, 2012, he was transferred to the Perry Correctional Institution.

As noted above, the gist of the plaintiff's complaint is that he was denied "'due process' [because of ] inadequate procedures employed to keep plaintiff in administrative isolation solitary." He specifically complains that correctional officials "exhibited gross negligence in regard to administrative regulations formulated to protect plaintiff's liberty interests, constitutional rights." Plaintiff also contends that he was afforded "no notice of his being administratively segregated nor afforded any form of a hearing." He also asserts that

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

certain defendants have a "fiduciary duty of care relationship to provide plaintiff assurance of elemental fairness whenever substantial individual interests are at stake." Finally, plaintiff complains that certain individual grievance coordinators failed to investigate his grievances and "exhibited inaction in curing deficiencies in the disciplinary...review hearing proceedings." According to plaintiff's complaint, he was ultimately sanctioned to 358 days of disciplinary detention, 450 days of loss of good time credits, and 75 days of no telephone, canteen, or visitation privileges.

The Magistrate Judge begins the substantive portion of her Report and Recommendation by pointing out that prisoners, such as the plaintiff, have no constitutional right to a particular classification." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Moreover, in *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "implicates atypical and significant hardship of the inmate in relation to the ordinary incidents of prison life."

In a civil action from the Fourth Circuit Court of Appeals applying *Sandin*, the Court dealt with a case where an inmate alleged that his cell was infested with vermin and smeared with urine, that no outside recreation was permitted, that no religious services where available, and that food was served in considerably smaller portions. *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997). The Fourth Circuit held that these conditions of confinement and segregation were not so atypical that exposure to them for six months imposed a

3

significant hardship in relation to the ordinary incidents of prison life.

Before the Magistrate Judge, all defendants moved for summary judgment. In a thorough and comprehensive Report and Recommendation that carefully canvasses the claims set out in the complaint, the affidavits provided in regard to the motion for summary judgment, and the applicable law, the Magistrate Judge opines that on the record before her, summary judgment should be granted. The Magistrate Judge suggests that while the conditions complained of by the plaintiff may be unpleasant, they do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Accordingly, no liberty interest arises and therefore, the procedural irregularities alleged by the plaintiff lack merit.

The court has carefully reviewed the plaintiff's 18-page objection memorandum and finds that they constitute little more than a reassertion of the basic arguments advanced to, and rejected by, the Magistrate Judge. As such, the objections are overruled.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, the defendants' motion for summary judgment (ECF No. 27) is granted. Plaintiff's motion to dismiss defendant Turner (ECF No. 33) is granted with prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
July 23, 2014                                    United States District Judge
Columbia, South Carolina

4